The defendant was convicted by a jury in the District Court of carrying a firearm without a license in violation of G. L. c. 269, § 10(a ).[2] On appeal, he claims error in the denial of his motion to suppress the firearm found in a diaper bag, which the defendant was carrying when the police stopped him, without, he argues, reasonable suspicion to believe that he had committed a crime. The defendant also contends that improprieties in the prosecutor's closing argument require reversal and that the evidence was insufficient to sustain the conviction. We affirm.
1. Motion to suppress. a. Facts. We summarize the judge's findings of fact on the motion to suppress the firearm, supplementing where appropriate with uncontroverted testimony from the suppression hearing.[3] See Commonwealth v. Jones-Pannell, 472 Mass. 429, 431 (2015).
While on patrol in a marked cruiser on the afternoon of July 7, 2014, Springfield police Officer Lawrence Pietrucci was flagged down by Kimberly Martinez. Martinez appeared nervous and upset. She was with a man, later identified as Rodney McCants,[4] who was bleeding from the head. Officer Pietrucci stopped and spoke with Martinez, who pointed to another man (the defendant) carrying a small child, a child's backpack, and a diaper bag. The man was walking away toward a nearby apartment building. Martinez said that she had a "problem" with him and that he had a handgun inside the diaper bag.[5] Officer Pietrucci called for backup and within moments he was joined by Officer Edward Hiney, who pulled into the parking lot adjacent to the building where the defendant was headed. Officer Pietrucci relayed Martinez's information to Officer Hiney, who then ordered the defendant to stop. Instead of obeying the command, the defendant continued to walk toward the building and had entered the vestibule when the officers caught up with him.[6] Officer Pietrucci took the baby and handed her to another police officer. He then removed the backpack and the diaper bag from the defendant's shoulder. In doing so, Officer Pietrucci observed that the diaper bag was "unusually heavy" and he felt a hard object that was not consistent with diapers or baby wipes. When he placed the bag on the ground he saw the barrel of a handgun.[7] When asked whether he had a license to carry a firearm, the defendant did not respond. The officers seized the firearm, a loaded nine millimeter handgun, and arrested the defendant.
In denying the motion to suppress, the judge concluded that the defendant was seized when Officer Hiney ordered him to stop. He further concluded that the stop and subsequent seizure of the firearm was justified because there was a reasonable suspicion, based on specific and articulable facts, that the defendant had committed or was committing a crime. Those facts, the judge explained, included (1) "an identifiable citizen at the scene had reported the bag which the defendant possessed contained a gun," (2) "another person at the scene (McCants) was bleeding from a head wound," and (3) "the defendant was [walking] away from that person while carrying a baby."[8]
b. Discussion. On appeal, we accept the judge's findings that are supported by the record and conduct an independent review of his ultimate findings and conclusions of law. See Commonwealth v. Jones-Pannell, 472 Mass. at 438. We also "independently determine the correctness of the judge's application of constitutional principles to the facts as found." Commonwealth v. Catanzaro, 441 Mass. 46, 50 (2004).
Like the motion judge, we conclude that the defendant was seized in the constitutional sense when Officer Hiney ordered him to stop. See Commonwealth v. Grandison, 433 Mass. 135, 138 (2000). On the supported findings, we also agree with the judge that the officers had an objectively reasonable suspicion of criminal activity, based on specific and articulable facts, to justify a threshold inquiry at the time the defendant was stopped. See Commonwealth v. Edwards, 476 Mass. 341, 345 (2017). The stop was based primarily on Martinez's report that the defendant had a gun in the diaper bag. When a police officer receives information about an individual with a gun, the test for determining reasonable suspicion should include "the government's need for prompt investigation." Commonwealth v. Stoute, 422 Mass. 782, 791 (1996). See Commonwealth v. Johnson, 36 Mass. App. Ct. 336, 337 (1994) (a report from a known citizen that a gun is being carried in public warrants investigation by the police). In this case, the police could reasonably infer that Martinez had personal knowledge that the defendant had a gun. Martinez, who was readily identifiable, flagged down a marked cruiser.[9] She appeared upset and was with a man who was bleeding from the head. She pointed to the defendant and stated that a gun was in the diaper bag. These facts, taken together, were sufficient to justify a threshold inquiry. In addition, the defendant's conduct of walking away from the police despite being ordered to stop while carrying a child contributed to the need for further investigation. See Stoute, supra; Grandison, supra at 139-140.
2. The prosecutor's closing argument. The defendant argues that the prosecutor improperly aligned himself with the jury by his repeated use of the pronoun "we." The defendant claims that this error, together with the prosecutor's improper vouching for Officer Pietrucci's credibility, created a substantial risk of a miscarriage of justice.[10] We disagree.
The prosecutor used the phrase "we know" approximately six times while discussing the evidence. We have criticized the repeated use of the pronoun "we" by prosecutors in their closing arguments in other cases. See Commonwealth v. Burts, 68 Mass. App. Ct. 684, 689 (2007). Here, however, assuming without deciding that the prosecutor erred, the use of the pronoun in the context of the entire argument, the trial testimony, and the judge's instructions to the jury leads us to conclude that the error "did not 'materially influence' the guilty verdict." Commonwealth v. Alphas, 430 Mass. 8, 13 (1999), quoting from Commonwealth v. Freeman, 352 Mass. 556, 564 (1967). Furthermore, where, as here, the credibility of Officer Pietrucci was a contested issue, it was not improper for counsel to argue from the evidence why the officer should be believed. See Commonwealth v. Thomas, 401 Mass. 109, 116 (1987). None of the challenged remarks could be construed as an expression of personal belief in Officer Pietrucci's testimony, or that the prosecutor himself had knowledge independent of the evidence before the jury. See Commonwealth v. Wilson, 427 Mass. 336, 352 (1998). Accordingly, we conclude that none of the prosecutor's remarks created a substantial risk of a miscarriage of justice.
3. Sufficiency. The defendant argues that, even though he was holding the diaper bag when he was stopped by the police, there was insufficient evidence to prove that he knew the firearm was in the bag or that he exercised control over it. Consequently, he claims that the judge erred by denying his motion for a required finding of not guilty. We disagree. To review a claim of sufficiency of the evidence we ask whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). To obtain a conviction of carrying a firearm without a license, the Commonwealth must prove beyond a reasonable doubt "that the defendant knowingly possessed a loaded or unloaded firearm without a license." Commonwealth v. Williams, 422 Mass. 111, 120 (1996).
Here, the evidence warranted the inferences that the defendant knew that the diaper bag contained a firearm, and that he exercised control over it. Officer Pietrucci testified that the defendant was carrying the bag and that the bag felt "abnormally heavy for a baby bag" when he removed it from the defendant's shoulder. Once he put the bag down, Officer Pietrucci saw a portion of the gun. In addition, the jury could have reasonably inferred that the defendant was attempting to avoid the police when he ignored Officer Hiney's command to stop and instead entered the apartment building. Such conduct supports an inference of consciousness of guilt. See Commonwealth v. Sabetti, 411 Mass. 770, 778 (1992).
Judgment affirmed.

The defendant was found not guilty of possessing a firearm without a license in violation of G. L. c. 269, § 10(h ), and the charge of possession of a firearm with a defaced serial number during the commission of a felony, in violation of G. L. c. 269, § 11B, was nol prossed before trial.

Two police officers and the defendant testified at the evidentiary hearing on the motion to suppress. Although the judge explicitly credited the officers' testimony, a number of his findings are inconsistent with the testimony they provided. As such, these findings are clearly erroneous and we do not rely on them. See Commonwealth v. Cawthron, 90 Mass. App. Ct. 828, 832-833 (2017).

There is some confusion over whether Rodney's last name is McCants or McKenzie. The witnesses referred to Rodney McCants at the hearing on the motion to suppress. However, at trial, the defendant testified that Rodney's last name is McKenzie. We use the name "McCants."

Although the judge found that Martinez "had a dispute with McCants," Officer Pietrucci testified that Martinez pointed to the defendant.

The judge found that the defendant was "jogging away." However, Officer Hiney testified that the defendant was walking and that he (Hiney) had to jog to catch up. Nothing turns on this erroneous finding given our conclusion that the police had reasonable suspicion to stop the defendant based on the information provided by Martinez.

The judge found that "no part of the firearm was visible" from Pietrucci's vantage point, and that, once Pietrucci squeezed the diaper bag, he "lifted the unzipped cover and observed the butt of a hand gun in the bag." However, Pietrucci testified that the bag was only partially closed and that he did not have to do anything other than put the bag onto the ground in order to observe the handgun.

See footnote 5, supra.

Relying on cases involving information of criminal activity provided by anonymous informants, the defendant argues that Martinez lacked sufficient indicia of reliability. We reject this assertion, if only because Martinez was not anonymous. See Commonwealth v. Barros, 435 Mass. 171, 181 n.5 (2001) (Sosman, J., concurring). right up. He's going to go into that bag. There's nothing to hide in that respect. So I'd ask you to consider that when evaluating whose story makes more sense."

The challenged portion of the prosecutor's closing argument began as follows. "The one thing we can all agree on is that there was an argument with a group and that the defendant was stopped with a gun." The prosecutor continued:
"So how do we know that he knew that that gun was in the bag? Because no one's arguing that the defendant owned a diaper bag, but he had the bag because the gun was in there, and how do we know that he knew the gun was in there?
"Well, first of all, like I said, he left as soon as the police arrived. He got out of there, and that was hoping that the argument that was going on would maintain the police's attention and he could get up to his house. The other reason we know that he knew what was in the gun [sic ] is because the officers were yelling at him to stop and he wouldn't stop.... So we know that he knew what was in that bag because he would not stop....
"The other reason we know it was in there is because the bag was open. You heard Officer Pietrucci testify that he took the bag off, he felt the extreme weight of it, put it down and he could see the gun right there. The defendant testifies that he saw Pietrucci unzip it. So how are you going to evaluate that?
"Well, when you need to evaluate who's being credible, I would ask you who's more biased in their recollection of that event? Because Officer Pietrucci was already told about a gun being in that bag. He was opening that bag. I would suggest to you it serves him no purpose to sit up here and tell you that bag was already open if it wasn't because he would have testified that he opened that bag